# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40651
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 17, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARTIN OSVALDO JURADO-MOLINA, also known as Anastacio Torres-Banda,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:13-CR-1729-1

Before JONES, BENAVIDES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Martin Osvaldo Jurado-Molina appeals the 77-month sentence imposed following his guilty plea conviction for illegal reentry. He contends that his sentence, which is within the applicable guidelines range of imprisonment, is substantively unreasonable. Jurado-Molina maintains that the district court placed undue weight on the need for the sentence imposed to protect the public

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-40651

from further crimes committed by him.  We need not decide whether Jurado-Molina properly preserved an objection to the substantive reasonableness of his sentence because his argument fails even under an abuse-of-discretion standard.  *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).

The record reflects that the district court's sentencing decision was based on an individualized assessment of the facts in light of the 18 U.S.C. § 3553(a) factors.  *See Gall v. United States*, 552 U.S. 38, 49-51 (2007).  The district court's determination of the proper sentence is entitled to deference, and we may not reweigh the § 3553(a) factors or reverse a sentence because we might reasonably conclude that a different sentence is appropriate.  *Id.* at 51-52. Jurado-Molina's assertion that the district court should have given less weight to the need to protect the public from further crimes committed by him reflects his disagreement with the propriety of his sentence, which does not justify reversal.  *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010).  He has set forth no other reason for us to disturb the presumption of reasonableness that applies to his sentence.  *See Gall*, 552 U.S. at 51.

Accordingly, the district court's judgment is AFFIRMED.